

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,916

### EX PARTE DARREN LESHON HARRIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W02-72607-Q(B) IN THE 204TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and sentenced to twenty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Harris v. State*, No. 05-03-00261-CR (Tex. App.–Dallas, delivered October 18, 2004, pet. ref'd).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance because she failed to object to the failure of the court to follow a sentencing agreement between the parties.

The trial court recommends granting relief. This Court does not find sufficient evidence in the record to support a finding that counsel was ineffective. However, the record does show that Applicant unknowingly waived his right to a sentencing hearing pursuant to an agreement which was vague and the terms of which had changed from the time of agreement to the time of sentencing. We find, therefore, that Applicant is entitled to relief.

Relief is granted. The sentence in Cause No. F02-72607 (Q) in the 204th Judicial District Court of Dallas County is vacated, and Applicant is remanded to the custody of the Sheriff of Dallas County to allow the trial court to sentence Applicant to any term of years within the applicable punishment range. Applicant's other claims are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 14, 2008
Do Not Publish